IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 3:19-CR-59-TAV-DCP |
| DAVID NEWMAN, | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on May 4, 2020, for a telephonic motion hearing on the Defendant's Motion to Continue Trial and Other Deadlines [Doc. 52], filed on April 2, 2020. Assistant United States Attorneys Anne-Marie Svolto and Louis Manzo appeared by telephone on behalf of the Government. Attorneys Robert R. Kurtz and Wesley D. Stone, also appearing by telephone, represented Defendant David Newman. Defendant Newman was excused from the hearing.

In his motion, Defendant Newman asks the Court to continue the May 5, 2020 trial date, as well as the deadlines for filing a plea agreement, providing reciprocal discovery, and filing motions *in limine*. The Defendant has filed nine pretrial motions and two motions relating to experts ("*Daubert* motions"). He states that some of his motions may require an evidentiary hearing and a report and recommendation, before the District Judge can rule on them. The Defendant argues that a trial continuance would further the ends of justice and that this case is complex due to the large amount of discovery generated in the lengthy investigation. He

maintains that a continuance is necessary to allow defense counsel the reasonable time necessary to prepare effectively.

At telephonic hearing, Mr. Kurtz stated that a motion hearing on the pending pretrial motions has been continued several times, due in part to the COVID-19 pandemic. AUSA Svolto stated that the Government does not oppose the requested continuance. She agreed that it is difficult to prepare for the motion hearing or trial during the current situation created by the pandemic. The parties agreed on a new trial date of November 3, 2020.

First, the Court observes that the May 5, 2020 trial date in this case must be continued pursuant to the Standing Orders of this Court. On March 16, 2020, Chief United States District Judge Pamela L. Reeves entered Standing Order 20-06, which provides as follows:

> Given that the World Health Organization has declared the Coronavirus Disease 2019 (COVID-19) a pandemic, that the Governor of the State of Tennessee has declared a public health emergency throughout the state in response to the spread of COVID-19 and given that the Centers for Disease Control and Prevention and other public health authorities have advised the taking of precautions to reduce the possibility of exposure to the virus and slow the spread of the disease, it is hereby ORDERED that, effective immediately:
>
> . . . .
>
> 2. Subject to any exceptions identified [in this Order], all civil and criminal jury trials scheduled to commence from March 16, 2020 through April 24, 2020, before any district or magistrate judge in any division in the Eastern District of Tennessee are **CONTINUED**, except as otherwise ordered by the presiding judge. . . . .
>
> 3. With regard to criminal jury trials, due to the Court's reduced ability to obtain an adequate spectrum of jurors and the effect of the above public health recommendations on the availability of counsel and Court staff to be present in the courtroom, the risks posed to the jurors and the public, the time period of the continuances

> implemented by this Order will be excluded under the Speedy Trial Act, as the Court specifically finds that the ends of justice served by ordering the continuances outweigh the best interests of the public and any defendant's right to a speedy trial, pursuant to 18 U.S.C. § 3161(h)(7)A).

E.D.TN. SO-20-06. On April 15, 2020, Chief Judge Reeves issued Standing Order 20-11, extending the April 24 deadline in SO-20-06 to May 4, 2020, because "the COVID-19 pandemic continues and . . . the Governor of Tennessee has extended the state-wide "Stay-At-Home" order through May 1, 2020[.]" On April 24, 2020, Chief Judge Reeves extended the May 4 deadline to May 30, 2020, in Standing Order 20-12, based upon the continuation of the COVID-19 pandemic and "guidance from the CDC as well as federal, state, and local public health authorities[.]" Thus, the trial of this case cannot occur on May 5, 2020.

Moreover, the Court finds the motion to continue trial is unopposed by the Government and is well-taken. The Court finds that the ends of justice served by granting a continuance outweigh the interest of the Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). First, the Court observes that it has already found [Doc. 14] this case to be complex for purposes of the Speedy Trial Act, due to the nature of the prosecution, to include the voluminous discovery. 18 U.S.C. § 3161(h)(7)(B)(ii). Additionally, the Court observes that the Defendant has filed eleven pretrial motions, at least one of which is a dispositive motion requiring an evidentiary hearing. *See* 18 U.S.C. § 3161(h)(1)(D). Evidentiary motion hearings, other than CARES Act hearings (such as detention hearings), have been deferred while the restrictions relating to the COVID-19 pandemic are in place. *See* SO-20-08. Thus, the Court has not held a motion hearing on the Defendant's pretrial motions. Once the Court hears the motions, it will need time to prepare a report and recommendation on the dispositive motions, the parties will need time to file objections and responses, and the District Judge will need time

3

Case 3:19-cr-00059-TAV-DCP   Document 58   Filed 05/06/20   Page 3 of 5   PageID #: 589

to rule on the motions. *See* 18 U.S.C. § 3161(h)(1)(H). Finally, the parties will need time to prepare for trial in light of the rulings on the Defendant's motions. All of this cannot take place by the May 5, 2020 trial date or in less than six months. Thus, the Court finds that without a continuance, counsel would not have the reasonable time necessary to prepare for trial, even proceeding with due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

Accordingly, the motion to continue [**Doc. 52**] is **GRANTED**, and the trial of this case is reset to **November 3, 2020**. The Court finds that all the time between the filing of the motion on April 2, 2020, and the new trial date of November 3, 2020, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(1)(D), -(1)(H) & -(7)(A)-(B); E.D.TN SO-20-06, E.D.TN SO-20-11, E.D.TN SO-20-12. At the telephonic hearing, the Court also set a new schedule in this case, which is stated in detail below.

Accordingly, it is **ORDERED** as follows:

(1) The motion to continue [**Doc. 52**] is **GRANTED**;

(2) The trial of this matter is reset to commence on **November 3, 2020**, **at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) All time between the filing of the motion on **April 2, 2020**, and the new trial date of **November 3, 2020**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The parties shall appear before the undersigned on **June 19, 2020, at 9:30 a.m.**, for a motion hearing on all pending pretrial motions;

(5) The deadline for concluding plea negotiations and providing reciprocal discovery is extended to **October 5, 2020**;

(6) The parties are to appear for a final pretrial conference and motion hearing on all *Daubert* motions [Docs. 39 & 41] on **October 8, 2020, at 9:30 a.m.**;

(7) Motions *in limine* must be filed no later than **October 19, 2020**; and

4

(1) Requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4. shall be filed on or before **October 23, 2020**.

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge