UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DAVID NEWMAN,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No.: 3:19-CR-59-TAV-DCP |

**MEMORANDUM OPINION AND ORDER**

This criminal action is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Debra C. Poplin, entered on September 8, 2020 [Doc. 77], which addresses defendant David Newman's motion to suppress [Doc. 24]. After considering the parties' oral and written arguments, Magistrate Judge Poplin recommended that defendant's motion be denied [Doc. 77 p. 36]. Defendant filed objections to the R&R [Doc. 79], to which the government responded [Doc. 81]. Defendant replied [Doc. 82]. For the reasons discussed herein, the Court will **OVERRULE** defendant's objections [Doc. 79], **ACCEPT IN WHOLE** the R&R [Doc. 77], and **DENY** defendant's motion to suppress [Doc. 24].

## I. Background

The Court presumes familiarity with the R&R in this case and notes that neither party objects to the magistrate judge's factual summary. The Court, therefore, incorporates by reference the background section from the R&R.

## II. Standard of Review

A court must conduct a *de novo* review of those portions of a magistrate judge's report and recommendation to which a party objects, unless the objections are frivolous, conclusive, or general. *See* 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have 'the duty to pinpoint those portions of the magistrate's report that the district court must specially consider.'" *Mira*, 806 F.2d at 637 (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations" of the magistrate judge. 28 U.S.C. § 636(b)(1).

## III. Analysis

Defendant objects to the R&R's findings that: (1) the search warrant affidavit provides sufficient information as to the veracity, reliability, and basis of knowledge to establish probable cause; and (2) defendant's allegations of false statements and material omissions do not merit a *Franks* hearing.

### A. Reliability of Confidential Source

Defendant argues that the search warrant affidavit ("Affidavit") of Federal Bureau of Investigation Agent Emily Celeste does not provide probable cause to search Tennessee Valley Pain Specialists, LLC ("TVSP") on the basis that it fails to establish and corroborate the veracity, reliability, and basis of knowledge of the confidential source ("CS") [Doc. 79 p. 2]. Search warrants may be issued "only upon a finding of probable cause." *United*

*States v. Beals*, 698 F.3d 248, 264 (6th Cir. 2012) (citing U.S. Const. amend. IV). When determining whether probable cause exists, magistrate judges must make a "practical, common-sense decision" based on the circumstances described in the affidavit. *Illinois v. Gates*, 462 U.S. 213, 238 (1983). In making this determination, the Court must consider the "totality of the circumstances," including the "veracity, reliability, and basis of knowledge" of a confidential source. *United States v. May*, 399 F.3d 817, 822 (6th Cir. 2005) (quoting *Gates*, 462 U.S. at 230). "These factors are not evaluated independently; rather, the presence of more of one factor makes the others less important. For instance, the more reliable the informant, the less detail the informant must provide in his tips before a magistrate can find probable cause." *United States v. Ferguson*, 252 F. App'x 714, 721 (6th Cir. 2007) (citing *Gates*, 462 U.S. at 233).

In this case, Magistrate Judge Poplin correctly concluded that the Affidavit contained sufficient information as to the CS's veracity, reliability, and basis of knowledge. The Affidavit notes the relationship between Agent Celeste and the CS, namely that the CS provided information to Agent Celeste for a period of five (5) weeks [Doc. 77 p. 19]. Defendant contends that the relationship between Agent Celeste and the CS "is not sufficient to overcome the absence of any statements in the affidavit about the CS's veracity, reliability and basis of knowledge" and posits that "the appropriate analysis focuses on whether the affiant corroborated the information provided by the CS" [Doc. 79 p. 3]. However, this argument is flawed in two respects.

First, although the Affidavit does not contain statements professing the CS's truthfulness, nor does it represent that the CS previously provided reliable information to law enforcement in the past, the basis of the CS's knowledge is clear: the CS was employed at TVSP when she provided information to Agent Celeste [*Id.*]. *See United States v. Sadler*, No. 1:10-CR-098, 2012 WL 122571, at *12 (S.D. Ohio Jan. 17, 2012) (finding that affidavit established basis of knowledge of unnamed informants where informants were employees of clinic subject to search). Since "the presence of more of one factor makes the others less important," the Court must analyze the CS's veracity and reliability in light of the Affidavit's clear showing of the CS's basis of knowledge. *Ferguson*, 252 F. App'x at 721 (citing *Gates*, 462 U.S. at 233).

Second, "[the Court's] focus is on verifying the reliability of the informant, as opposed to the information obtained therefrom." *United States v. Crawford*, 943 F.3d 297, 306 (6th Cir. 2019) (citing *United States v. Kinison*, 710 F.3d 678, 683 (6th Cir. 2013)). "A person known to the affiant officer, even though not named in the affidavit, is not 'an anonymous informant' in the sense referred to in cases where the identity of the informant is known to no one." *May*, 399 F.3d at 825. Here, the CS is known to Agent Celeste. So, even though the CS's identity was unknown to the magistrate judge, the CS is not an

"'anonymous source' whose statements required independent corroboration."[1] *Id.* As a result, and contrary to defendant's argument, Agent Celeste was not required to independently corroborate the CS's statements regarding Dr. Mynatt's prescribing practices or the CS's allegations that patient J.O. was illegally selling her medication [Doc. 79 p. 3–4]. Requiring Agent Celeste to verify each piece of information obtained from the CS would defeat the very purpose of the search warrant: verification. *See Crawford*, 943 F.3d at 306.

Even so, the Affidavit contains outside information that is consistent with the information provided by the CS. For example, the Affidavit includes data from the Tennessee Controlled Substance Monitoring Database ("CSMD") indicating that Dr. Mynatt prescribed opioids to an "unusually large number of patients in a single day" [Doc. 24-1 ¶¶ 15–16]. More specifically, the Affidavit states that Dr. Mynatt prescribed opioids to 90.7% of his Medicare patients, ranking him eleventh nationally for prescribing opioids to Medicare patients [Doc. 77 p. 3]. From 2016 to 2018, Dr. Mynatt wrote 10,800 prescriptions for Oxycodone HCL and 3,300 prescriptions for Oxymorphone HCL [*Id.*].

Defendant argues that this information is out of context because the Affidavit fails to indicate what constitutes an "appropriate number of patients a doctor should see per day"

[1] Similarly, defendant's reliance on *United States v. Neal*, 577 F. App'x 434 (6th Cir. 2014), is misplaced [Doc. 79 p. 6–7]. Unlike the case here, *Neal* involved a confidential informant who approached police enforcement, volunteering information about alleged narcotics trafficking in return for the reduction of her fiancé's conviction in an unrelated narcotics case. *Id.* at 436. More importantly, in *Neal*, there was no evidence that the affiant ever met or spoke directly with the confidential source. *Id.* at 444. Here, Agent Celeste interviewed the CS, thereby providing Agent Celeste with the "ability to analyze the credibility of [the] informant through in-person interaction or real-time vocal communication" to establish reliability. *Id.*

or the "appropriate amount of time a doctor should spend with a patient when prescribing opioids" [Doc. 79 p. 6]. However, in addition to the CSMD data, the Affidavit also includes Agent Celeste's observations based on her training, experience, and conversation with other law enforcement officers, including her observations that opioids prescribed in such quantities and under such circumstances as those at TVSP are highly indicative of clinics operating as "pill mills" [Doc. 24-1 ¶¶ 16]. *See United States v. Schultz*, 14 F.3d 1093, 1097 (6th Cir. 1994) (noting that while insufficient alone, "an officer's 'training and experience' may be considered in determining probable cause").

"Because probable cause 'deals with probabilities and depends on the totality of the circumstances,' it is 'a fluid concept' that is 'not readily, or even usefully, reduced to a neat set of legal rules.'" *D.C. v. Wesby*, 138 S. Ct. 577, 586 (2018) (citations omitted) (quoting *Maryland v. Pringle*, 540 U.S. 366, 371 (2003); *Gates*, 462 U.S. at 232). The bar is not high. *Kaley v. United States*, 571 U.S. 320, 338 (2014). As such, this Court "must pay 'great deference' to a magistrate judge's determination that probable cause exists." *United States v. Allen*, 211 F.3d 970, 973 (6th Cir. 2000) (en banc) (quoting *Gates*, 462 U.S. at 236). Accordingly, the Court finds that the totality of the circumstances described in the Affidavit provided probable cause for the search of TVSP.

### B. *Franks* Challenge

Defendant next objects to Magistrate Judge Poplin's finding that he is not entitled to a hearing under *Franks v. Delaware*, 438 U.S. 154, 155 (1978). Defendant argues that the Affidavit contains recklessly or deliberately false statements as well as a deliberate and

material omission [Doc. 79 p. 8]. "A defendant challenging the validity of a search warrant's affidavit bears a heavy burden." *United States v. Bateman*, 945 F.3d 997, 1008 (6th Cir. 2019). Under *Franks*, a defendant has the right to contest the truthfulness of sworn statements of fact in a search warrant affidavit if he "1) makes a substantial preliminary showing that the affiant knowingly and intentionally, or with reckless disregard for the truth, included a false statement or material omission in the affidavit; and 2) proves that the false statement or material omission is necessary to the probable cause finding in the affidavit." *United States v. Young*, 847 F.3d 328, 348–49 (6th Cir. 2017) (quoting *United States v. Pirosko*, 787 F.3d 358, 369 (6th Cir. 2015)).

Defendant first argues that the Affidavit contains recklessly or deliberately false statements relating to the number of prescriptions that Dr. Mynatt wrote for patients C.P. and D.N. [Doc. 79 p. 8]. Defendant further contends that if the allegedly false information is stricken from the Affidavit, the Affidavit fails to provide probable cause to search TVSP [*Id.*]. In response, the government urges the Court to adopt the R&R's finding that defendant failed to show that Agent Celeste recklessly or deliberately misstated the prescriptions given to patients C.P. and D.N., as well as its finding that the false statements are not essential to probable cause [Doc. 81 p. 4].

To make a "substantial preliminary showing" that an officer's statements were made with "reckless disregard for the truth," *Young*, 847 F.3d at 348, the defendant must show that the officer "entertained serious doubts as to the truth of his [or her] allegations." *Bateman*, 945 F.3d at 1008 (quoting *United States v. Cican*, 63 F. App'x 832, 836 (6th Cir.

2003)). Mere conclusory allegations are insufficient, as are "[a]llegations of negligence or innocent mistake." *Franks*, 438 U.S. at 171. The defendant must "point out specifically the portion of the warrant affidavit that is claimed to be false" and accompany the allegations with an offer of proof. *Franks*, 438 U.S. at 171. "Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained." *Franks*, 438 U.S. at 171.

Defendant fails to provide the requisite offer of proof to make a substantial preliminary showing that Agent Celeste intentionally or recklessly included false information in the Affidavit. Likewise, defendant fails to explain the absence of such an offer of proof, as required under *Franks*. *Id.* Contrary to defendant's position, the fact that Agent Celeste "had access to and reviewed Mynatt's CSMD" [Doc. 79 p. 8] does not compel the conclusion that Agent Celeste intentionally misinterpreted the CSMD data or "entertained serious doubts as to the truth of" her iteration of the CSMD data. *See Bateman*, 945 F.3d at 1008 (quoting *Cican*, 63 F. App'x at 836). At most, the false statements regarding the number of prescriptions that Dr. Mynatt wrote for patients C.P. and D.N. were the result of "negligence or innocent mistake." *Franks*, 438 U.S. at 171. Because defendant's conclusory and unsupported allegations fail to satisfy the first prong of the

*Franks* test, the Court need not consider whether the false statements are necessary to the probable cause determination.[2]

Defendant next argues that the R&R errs in finding that the Affidavit's material omission as it relates to patient J.O. is not necessary to the probable cause determination [Doc. 79 p. 10]. In response, the government encourages the Court to adopt the R&R's finding that the omission is not critical to probable cause [Doc. 81 p. 4]. While an alleged omission may warrant examination under *Franks*, "an affidavit which omits potentially exculpatory information is less likely to present a question of impermissible official conduct than one which affirmatively includes false information." *United States v. Atkin*, 107 F.3d 1213, 1217 (6th Cir. 1997). In cases of omissions, *Franks* hearings are only justified in "rare instances." *Mays v. City of Dayton*, 134 F.3d 809, 815 (6th Cir. 1998); *see also United States v. Fowler*, 535 F.3d 408, 415 (6th Cir. 2008) ("This court has repeatedly held that there is a higher bar for obtaining a *Franks* hearing on the basis of an allegedly material omission as opposed to an allegedly false affirmative statement."). "This is so because an allegation of omission 'potentially opens officers to endless conjecture about investigative leads, fragments of information, or other matter that might, if included, have redounded to defendant's benefit.'" *Atkin*, 107 F.3d at 1217 (quoting

[2] The Court notes that defendant also appears to seek a *Franks* hearing to dispute the charges against him, arguing that "[t]here is absolutely no proof that the actual prescriptions written to C.P. were prescribed outside the usual course of professional practice," nor is there "proof that these prescriptions were not for a legitimate medical purpose" [Doc. 79 p. 8]. However, a *Franks* hearing is an improper forum for such challenges. *See Mays*, 134 F.3d at 816 ("[T]he probable cause determination in *Franks*, derived from the Fourth Amendment, involves no definitive adjudication of innocence or guilt and has no due process implications.").

*United States v. Martin*, 920 F.2d 393, 398 (6th Cir. 1990)). Thus, "except in the *very* rare case where the defendant makes a strong preliminary showing that the affiant *with an intention to mislead* excluded critical information from the affidavit, and the omission is critical to the finding of probable cause, *Franks* is inapplicable to the omission of disputed fact." *Mays*, 134 F.3d at 816.

The R&R found that the Affidavit omits information from a recording obtained by the CS which shows that defendant checked patient J.O.'s medical records and confirmed to Dr. Mynatt that the patient was taking, rather than diverting, her medication [Doc. 77 p. 33]. Because this information undercuts Agent Celeste's conclusion that Dr. Mynatt knew that J.O.'s prescriptions were not medically necessary, Judge Poplin correctly found that this omission is "material" under *Franks* [*Id.*].[3] *See United States v. Hampton*, 760 F. App'x 399, 404 (6th Cir. 2019) ("An omission is material if it casts doubt on the existence of probable cause."). Defendant states that Judge Poplin also determined "that

[3] The government asks the Court to "clarify" that the omission is immaterial considering Magistrate Judge Poplin's finding that the omission is not critical to the probable cause determination in this case [Doc. 81 p. 4], but later urges the Court to find that the R&R "correctly concluded that the affiant's omission . . . was immaterial to the finding of probable cause" [Doc. 81 p. 13]. As previously mentioned, defendant is entitled to a *Franks* hearing if he "1) makes a substantial preliminary showing that the affiant knowingly and intentionally, or with reckless disregard for the truth, included a . . . *material* omission in the affidavit; and 2) proves that the . . . material omission is *necessary* to the probable cause finding in the affidavit." *Young*, 847 F.3d at 348–49 (quoting *Pirosko*, 787 F.3d at 369) (emphasis added). Accordingly, the Court construes the government's request that the Court affirm the R&R's finding that the omission is "immaterial to the finding of probable cause" as a request to affirm the R&R's finding that the material omission is not "necessary" to the probable cause finding, as required under the second prong of the *Franks* test. The Court does not construe the government's request as challenging the magistrate judge's determination that the omission is "material" as the word is used in *Franks*.

Dr. Newman met the first prong of the two-part *Franks* analysis, that is the affiant 'deliberately omitted this information'" [Doc. 82 p. 3].[4] Yet, this is not so. The R&R merely states that since Agent Celeste had access to the recording containing potentially exculpatory language prior to applying for the search warrant, there exists "at least circumstantial evidence that Agent Celeste deliberately omitted this information" [Doc. 77 p. 33]. In light of Judge Poplin's finding that the omission was not critical to probable cause, the R&R found that "the Court need not dwell on whether Defendant's showing of Agent Celeste's culpability is sufficient" [*Id.*].

This Court finds that defendant fails to make a "strong preliminary showing" that Agent Celeste omitted material information "*with an intention to mislead*." *Mays*, 134 F.3d at 816. Defendant presumes that the Affidavit's material omission was the result of Agent Celeste's failure to listen to the recording obtained by the CS [Doc. 79 p. 11]. This assumption cannot coexist with defendant's assertion that Agent Celeste's omission was deliberate. Assuming Agent Celeste did not listen to the recording, she would not have known that defendant checked patient J.O.'s medical records which confirmed that patient J.O. was not diverting her medication. And if Agent Celeste did not know of this

[4] Defendant's misconstruction of the R&R's finding appears to derive from defendant's contention that the magistrate judge was required to find that defendant satisfied the first prong of the *Franks* test prior to moving to the second prong [*see* Doc. 82 p. 3]. Although defendant does not cite precedent for this contention, the Court recognizes its existence. *See, e.g.*, *United States v. Archibald*, 685 F.3d 553, 558–59 (6th Cir. 2012) (citing *United States v. Mastromatteo*, 538 F.3d 535, 545 (6th Cir. 2008)) ("Only after the defendant makes this [substantial preliminary] showing may the court consider the veracity of the statements in the affidavit or the potential effect of any omitted information."). Nonetheless, the Sixth Circuit has previously analyzed the second prong of the *Franks* test as an alternate basis for denying a hearing. *See, e.g.*, *Bateman*, 945 F.3d at 1011; *Hampton*, 760 F. App'x at 404.

information, she could not have deliberately omitted it with an intent to mislead the magistrate judge. As previously stated, allegations of negligence will not support the requisite preliminary showing under *Franks*. 438 U.S. at 171.

Lastly, the Court agrees with the R&R's finding that the material omission was not necessary to the probable cause finding [Doc. 77 p. 33]. Even excising the allegedly misleading portion of the Affidavit, the Affidavit still reports that Dr. Mynatt prescribed opioids without properly evaluating patients, ignored allegations of patient sponsoring, and prescribed opioids to a patient who was short on pills [*Id.*]. Accordingly, because the Affidavit establishes a "probability or substantial chance of criminal activity," Judge Poplin correctly overruled defendant's objections.[5]

## IV. Conclusion

Upon careful and *de novo* review of the record and the law, the Court hereby **OVERRULES** defendant's objections to the R&R [Doc. 79]. The Courts **ACCEPTS IN WHOLE** the R&R [Doc. 77] and incorporates it into this Memorandum Opinion and Order. The Court hereby **DENIES** defendant's motion to suppress [Doc. 24].

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

[5] Because the Court agrees with the R&R's probable cause determination, the Court need not address the government's alternative arguments, including its assertions that defendant lacks standing to challenge the warrant and the good faith exception applies [Doc. 81 p. 13–14].