UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>DAVID NEWMAN )<br>Defendant. ) | No. 3:19-CR-<br>3:21-CR-110<br><br>JUDGE VARLAN |

## PLEA AGREEMENT

The United States of America, by the Acting United States Attorney for the Eastern District of Tennessee, the United States Department of Justice, Fraud Section ("USDOJ-Fraud"), and the defendant, Dr. David Newman, and the defendant's attorney, Robert Kurtz, have agreed upon the following:

1. The defendant will plead guilty to the sole count in the Information, specifically: Count One: Unlawfully Maintaining a Drug Premises, in violation of Title 21, United States Code, Section 856. The punishment for this offense is as follows: term of imprisonment of up to 20 years, a term of supervised release of up to 3 years, a fine of up to $500,000, and a mandatory $100 special assessment.

2. In consideration of the defendant's guilty plea, the United States agrees to move the Court at the time of sentencing to dismiss the Indictment in case no. 3:19-cr-59.

3. The defendant has read the Information, discussed the charges and possible defenses with defense counsel, and understands the crime(s) charged.

    a) The elements of Count One are as follows:

First, that the defendant knowingly opened, leased, rented, used, or maintained a place, whether permanently or temporarily; and

Second, that the defendant did so for the purpose of unlawfully distributing any controlled substance.

4. In support of the defendant's guilty plea, the defendant agrees and stipulates to the following facts, which satisfy the offense elements. These are the facts submitted for purposes of the defendant's guilty plea. They do not necessarily constitute all of the facts in the case. Other facts may be relevant to sentencing. Both the defendant and the United States retain the right to present additional facts to the Court to ensure a fair and appropriate sentence in this case. From December 2015 to April 2019, the defendant, a physician licensed in the State of Tennessee, was the two-third owner and Medical Director of Tennessee Valley Pain Specialists a free-standing medical facility located at 2805 W Governor John Sevier Highway in Knoxville, Tennessee. His co-owner, Dr. Steven Mynatt, was the one third owner of the clinic, and examined the patients. The clinic did not accept any form of health insurance and all patients paid cash. In his role as a physician, Dr. Mynatt prescribed large doses of opioids to patients even when some patients exhibited signs of addiction. Opioids, which can be a valid treatment for pain, are not a valid treatment for addiction. Dr. Newman reviewed Dr. Mynatt's prescribing practices and, in doing so, knew that Dr. Mynatt was prescribing opioids outside the course of professional practice and not for legitimate medical purposes to patients at the clinic. Specifically, as referenced in the original indictment (3:19-CR-59), Dr. Mynatt prescribed one hundred twelve (112) oxycodone pills (15 mg strength) to patient V.T. on 3/13/19, seventy (70) oxycodone pills (30 mg strength) to patient L.D. on 2/4/19 and twenty eight (28) MS Contin pills (15 mg strength) to L.D. on 2/4/19. Oxycodone and MS Contin are Schedule II narcotics. Medical records, which included multiple aberrant urine drug screens for both patients, indicated that both patients were suffering from addition. Instead of referring these patients for treatment for addiction, Dr. Mynatt prescribed opioids. In doing so, Dr. Mynatt knowingly and willfully, outside professional practice and not for a legitimate medical purpose, prescribed schedule

2

II controlled substances. Dr. Newman knew Dr. Mynatt was unlawfully prescribing opioids to these patients from within Tennessee Valley Pain Specialists.

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the defendant and the United States agree as follows: 1) based on drug quantity, a base offense level of 16 applies in this case because Dr. Mynatt prescribed, and therefore distributed, 3,780 milligrams of oxycodone (actual) and 420 milligrams of morphine, both Schedule II controlled substances, outside the scope of professional practice and for no legitimate purpose, from the drug premises owned by Dr. Newman; and 2) the two-level enhancement for use of a special skill in a manner that significantly facilitated the commission of the offense in Guidelines Section 3B1.3 applies in this case. The parties agree that no other enhancements apply.

5. The defendant is pleading guilty because the defendant is in fact guilty. The defendant understands that, by pleading guilty, the defendant is giving up several rights, including:

    a) the right to plead not guilty;

    b) the right to a speedy and public trial by jury;

    c) the right to assistance of counsel at trial;

    d) the right to be presumed innocent and to have the burden of proof placed on the United States to prove the defendant guilty beyond a reasonable doubt;

    e) the right to confront and cross-examine witnesses against the defendant;

    f) the right to testify on one's own behalf, to present evidence in opposition to the charges, and to compel the attendance of witnesses; and

    g) the right not to testify and to have that choice not used against the defendant.

6. The parties agree that the appropriate disposition of this case would be the following as to the sole count:

a) The Court may impose any lawful term(s) of imprisonment, any lawful fine(s), and any lawful term(s) of supervised release up to the statutory maximum(s).

b) The Court will impose special assessment fees as required by law; and

c) The Court may order forfeiture as applicable and restitution as appropriate.

No promises have been made by any representative of the United States to the defendant as to what the sentence will be in this case. Any estimates or predictions made to the defendant by defense counsel or any other person regarding any potential sentence in this case are not binding on the Court, and may not be used as a basis to rescind this plea agreement or withdraw the defendant's guilty plea(s). The defendant understands that the sentence in this case will be determined by the Court after it receives the presentence investigation report from the United States Probation Office and any information presented by the parties. The defendant acknowledges that the sentencing determination will be based upon the entire scope of the defendant's criminal conduct, the defendant's criminal history, and pursuant to other factors and guidelines as set forth in the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553.

7. Given the defendant's agreement to plead guilty, the United States will not oppose a two-level reduction for acceptance of responsibility under the provisions of Section 3E1.1(a) of the Sentencing Guidelines. Further, if the defendant's offense level is 16 or greater, and the defendant is awarded the two-level reduction pursuant to Section 3E1.1(a), the United States agrees to move, at or before the time of sentencing, the Court to decrease the offense level by one additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines. Should the defendant engage in any conduct or make any statements that are inconsistent with accepting responsibility for the defendant's offense(s), including violations of conditions of release or the commission of any additional offense(s) prior to sentencing, the United States will be free to decline to make such motion, to withdraw that motion if already made, and to recommend to the Court that the defendant

4

not receive any reduction for acceptance of responsibility under Section 3E1.1 of the Sentencing Guidelines.

8. Both the defendant and the government also agree that the defendant will surrender his DEA registration number.

9. The defendant agrees to pay the special assessment in this case prior to sentencing.

10. The defendant agrees that the Court shall order restitution, pursuant to any applicable provision of law, for any loss caused to: (1) the victim of any offense charged in this case; and (2) the victim of any criminal activity that was part of the same course of conduct or common scheme or plan as the defendant's charged offense(s).

11. Financial Obligations. The defendant agrees to pay all fines and restitution imposed by the Court to the Clerk of Court. The defendant also agrees that the full fine and/or restitution amount(s) shall be considered due and payable immediately. If the defendant cannot pay the full amount immediately and is placed in custody or under the supervision of the Probation Office at any time, the defendant agrees that the Bureau of Prisons and the Probation Office will have the authority to establish payment schedules to ensure payment of the fine and/or restitution. The defendant further agrees to cooperate fully in efforts to collect any financial obligation imposed by the Court by set-off of federal payments, execution on non-exempt property, and any other means the United States deems appropriate. The defendant and counsel also agree that the defendant may be contacted post-judgment regarding the collection of any financial obligation imposed by the Court without notifying the defendant's counsel and outside the presence of the defendant's counsel. In order to facilitate the collection of financial obligations to be imposed with this prosecution, the defendant agrees to disclose fully all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or

other third party. In furtherance of this agreement, the defendant additionally agrees to the following specific terms and conditions:

    a) If so requested by the United States, the defendant will promptly submit a completed financial statement to the U.S. Attorney's Office, in a form it provides and as it directs. The defendant promises that such financial statement and disclosures will be complete, accurate, and truthful.

    b) The defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

    c) If so requested by the United States, the defendant will promptly execute authorizations on forms provided by the U.S. Attorney's Office to permit the U.S. Attorney's Office to obtain financial and tax records of the defendant.

12. The defendant acknowledges that the principal benefits to the United States of a plea agreement include the conservation of limited government resources and bringing a certain end to the case. Accordingly, in consideration of the concessions made by the United States in this agreement and as a further demonstration of the defendant's acceptance of responsibility for the offense(s) committed, the defendant voluntarily, knowingly, and intentionally agrees to the following: The defendant will not, whether directly or by a representative, request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. Section 552, or the Privacy Act of 1974, 5 U.S.C. Section 552a.

13. This plea agreement becomes effective once it is signed by the parties and is not contingent on the defendant's entry of a guilty plea. If the United States violates the terms of this

plea agreement, the defendant will have the right to withdraw from this agreement. If the defendant violates the terms of this plea agreement in any way (including but not limited to failing to enter guilty plea(s) as agreed herein, moving to withdraw guilty plea(s) after entry, or by violating any court order or any local, state or federal law pending the resolution of this case), then the United States will have the right to void any or all parts of the agreement and may also enforce whatever parts of the agreement it chooses. In addition, the United States may prosecute the defendant for any and all federal crimes that the defendant committed related to this case, including any charges that were dismissed and any other charges which the United States agreed not to pursue. The defendant expressly waives any statute of limitations defense and any constitutional or speedy trial or double jeopardy defense to such a prosecution. The defendant also understands that a violation of this plea agreement by the defendant does not entitle the defendant to withdraw the defendant's guilty plea(s) in this case. The defendant further expressly waives his rights pursuant to Rule 410(a) of the Federal Rules of Evidence upon affixing his signature to this plea agreement. The defendant understands and agrees that in the event the defendant violates the plea agreement, the defendant does not enter his plea of guilty, or his guilty plea is for any reason withdrawn, any statements made by the defendant to law enforcement agents or an attorney for the prosecuting authority during plea discussions, any statements made by the defendant during any court proceeding involving the defendant's plea of guilty, including the "agreed facts" set forth herein, any other factual bases or summaries signed by the defendant, and any leads from such statements, factual bases or summaries, shall be admissible for all purposes against the defendant in any and all criminal proceedings.

14. The United States will file a supplement in this case, as required in every case by the Local Rules of the United States District Court for the Eastern District of Tennessee, even though

there may or may not be any additional terms. If additional terms are included in the supplement, they are hereby fully incorporated herein.

15. This plea agreement and supplement constitute the full and complete agreement and understanding between the parties concerning the defendant's guilty plea to the above-referenced charge(s), and there are no other agreements, promises, undertakings, or understandings between the defendant and the United States. The parties understand and agree that the terms of this plea agreement can be modified only in writing signed by all of the parties and that any and all other promises, representations, and statements whether made before, contemporaneous with, or after this agreement, are null and void.

FRANCIS M. TREY HAMILTON III
ACTING UNITED STATES ATTORNEY

By: _____
Anne-Marie Svolto
Assistant United States Attorney

_____
Date

JOSEPH S. BEEMSTERBOER,

ACTING CHIEF, FRAUD SECTION
CRIMINAL DIVISION

By: _____
Louis Manzo
Trial Attorney
Fraud Section, Criminal Division
U.S. Department of Justice

_____
Date

8/20/21
Date

_____
David Newman, M.D.
Defendant

08-20-2021
Date

_____
Robert Kurtz
Attorney for the Defendant

8